IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,695-01






EX PARTE GENARO S. LEYVA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2007CR7532 IN THE 187th DISTRICT COURT


FROM BEXAR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance with intent to deliver and sentenced to ten years' imprisonment. He did not
appeal his conviction.

 Applicant contends that his trial counsel rendered ineffective assistance when he falsely
promised the Applicant he would receive community supervision in exchange for his plea of guilty. (1) 
 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: April 14, 2010

Do not publish
1. The record reflects the trial court initially entered an order designating issues on March
2, 2010, requesting an affidavit from trial counsel addressing this claim.